The plaintiff read in evidence a note under seal for about $300, signed by the defendant and one Patton as joint obligors; and then proved that after one-half of the note had been paid a writ was issued against Patton and the defendant for the balance, and the plaintiff became the bail of Patton in that suit; that judgment was rendered against Patton and the defendant; that Patton left the country, and thereupon proceedings were regularly taken against the plaintiff as his bail; upon which judgment was rendered against him for $162, which he was compelled by execution to pay. This action was brought to recover the amount so paid from the defendant, the co-obligor. The defendant (560) offered to prove that he had paid one-half of the debt before the creditor brought suit; but his Honor was of opinion that the plaintiff had not made out a case to entitle him to recover, for that there was not such a privity existing between the plaintiff, as the bail of Patton, and the defendant, as the co-obligor of the latter, as would sustain an action at law for money which he had been compelled to pay as bail. Upon this intimation, the plaintiff submitted to a nonsuit and appealed.
The plaintiff declared in assumpsit for money paid to the use of the defendant, at his request, and the inquiry is whether the law would, in a case like this, imply a request. It is settled law that if one pays the debt of another without his request, express or implied, he cannot recover in an action for money paid; for the supposed debtor may have a good reason to resist the payment of the money. Stokes v. Lewis, 1 T. R., 20; 2 Saund., 264; Leigh's N. P., 70. The plaintiff became bail only for Patton, at his request, and for his personal benefit. In consequence whereof he has been by process of law compelled to pay the whole debt, for which the creditor had recovered a joint judgment against Patton and the defendant on their joint obligation. Had *Page 441 
Patton, merely from his relation of co-obligor, any agency or authority to request the plaintiff to pay the joint debt, so as to subject the defendant to this action for money paid to his use? We can find no authority for such a position. The law will certainly imply a request to pay on behalf of Patton, who was the principal in the bail bond, but not on behalf of the defendant, who was not a privy, but is a mere stranger to that transaction. It seems to us that the opinion of the judge was correct, and therefore the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Carter v. Black, 561, post; Foley v. Robards, 25 N.C. 178;Jackson v. Hampton, 32 N.C. 582; Hanner v. Douglas, 57 N.C. 266.
(561)